**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Carl Campos,** | ) | **Civil Case No. 2:14-cv-4656-TMC-MGB** |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **Warden Federal Correctional** | ) | |
| **Estill SC,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

The Petitioner, a federal prisoner proceeding *pro se*, seeks habeas relief pursuant to 28 U.S.C. § 2241. The Petitioner asserts that the Bureau of Prisons ("BOP") did not award him sufficient prior custody credit towards his federal sentence. This matter is before the court on Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Dkt. No. 18.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner filed this habeas action on December 9, 2014. (Dkt. No. 1.) On June 3, 2015, Respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Dkt. No. 18.) By order filed the following day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 19.) On July 9, 2015, Petitioner filed his Response to Motion to Dismiss. (Dkt. No. 21.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at the Federal Correctional Institution in Estill, South Carolina. The material facts leading up to Petitioner's habeas petition are not in dispute. On

August 16, 1999, the Petitioner was arrested by Florida state authorities for home invasion, robbery while armed and kidnapping. On January 10, 2001, the Petitioner was sentenced in the Hernando County Circuit Court of Florida to 15 years imprisonment. (Dkt. Nos.18 at 2; 21 at 2.) On February 20, 2001, while in state custody, the Petitioner was transferred to federal custody pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum. (Dkt. No. 1 at 2-3.)

On April 30, 2002, the Petitioner was sentenced in the United States District Court for the Middle District of Florida to 348 months of imprisonment for Conspiracy to Interfere with Commerce by Threat or Violence, Interference with Commerce by Threat or Violence, and Possession of a Firearm During a Crime of Violence. (*Id.*; Dkt. No. 18 at 2.) The federal sentence was ordered to run concurrently to the state sentence already imposed. (*Id.*) After the federal sentence was imposed, the Petitioner was returned to state custody.

On May 2, 2002, the state court amended the Petitioner's original sentence in an order stating that his state sentence was to run concurrently with his federal sentence. (Dkt. Nos. 1 at 2; 18 at 3.) On May 21, 2012, the Petitioner was released by the state of Florida and taken into federal custody to satisfy the remainder of his sentence. (Dkt Nos. 1 at 2-3, 18 at 3.)

Upon the Petitioner's arrival into BOP custody, the BOP prepared a sentence computation for his federal term of imprisonment. That sentence is based on a 348-month term of imprisonment beginning on the date it was imposed on April 30, 2002, thereby allowing concurrent service of the state and federal terms in accordance with the court's judgment. (Dkt Nos. 1 at 3; 18 at 3.) The Petitioner received credit toward the 348-month federal sentence from the date of his arrest on August 16, 1999, until the day before the Florida state sentence commenced on January 9, 2001, in accordance with *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). (*Id.*)

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

The undersigned recommends that Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Dkt. No. 18) be granted. The Petitioner argues he is entitled to credit towards his federal sentence from January 10, 2001, the date the state sentence began, through April 20, 2002, the date he received his federal sentence. (Dkt. No. 1 at 3, 6.) The Petitioner contends that because the state court amended his state sentence on May 2, 2002 to have his state sentence run concurrently to his federal sentence, he is now entitled to credit for the time he was serving his state sentence starting January 10, 2001.

When a court imposes a federal criminal sentence, the BOP is responsible for computing the inmate's term of imprisonment. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (recognizing that the United States Attorney General has delegated this authority to the BOP);

*see also* 28 C.F.R. § 0.96. Calculation of a federal sentence is governed by 18 U.S.C. § 3585 and requires that the BOP (1) ascertain the date on which the federal sentence commences and (2) determine the extent to which the inmate may receive credit for time spent in custody prior to the commencement of the sentence.

The calculation of credit for prior custody is governed by 18 U.S.C. § 3585(b), which provides as follows:

> **(b) Credit for prior custody**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b). *See Wilson*, 503 U.S. at 333 (noting that "the final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'"); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir.1993) (explaining that "[t]he record shows that [the petitioner] received credit for that . . . period against his state sentence" and holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"); *United States v. Mojabi*, 161 F.Supp.2d 33, 36 (D. Mass. 2001) (holding "[s]ection 3585(b) prohibits 'double-credit', i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence."); *United States v. Arroyo*, 324 F.Supp.2d 472, 474 (S.D.N.Y. 2004) (finding that the BOP "is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence"); *Pilarte-Harrigan v. Owens*, C/A No. 3:10-cv-885-HMH-JRM, 2011 WL 251469, at

*6 (D.S.C. Jan. 26, 2011) ("Because Pilarte–Harrigan's detainment prior to the date on which his

sentence commenced was credited toward his commonwealth sentence, the BOP properly denied

Pilarte–Harrigan prior custody credit for that time.").

> "A sentence cannot commence before it is imposed." *Goodwin v. United States*, C/A No.

3:07-cv-170-MBS, 2011 WL 1343217, at *11 (D.S.C. Apr. 8, 2011) (citing *Mills v. Quintana,*

No. 10–3004, 2010 WL 5027166 (3d Cir. Dec.10, 2010).

> The BOP has promulgated a Program Statement which provides guidance in the application of this statute….This Program Statement provides:
>
> If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus *ad prosequendum* ) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently.
> * * *
> **In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.**

*Bellamy v. Bauknecht*, C/A No. 6:07-CV-2656-RBH, 2008 WL 2763847, at *5 (D.S.C. July 11,

2008) *aff'd,* 322 F. App'x 288 (4th Cir. 2009) (emphasis in original).  United States Sentencing

Guidelines § 5G1.3 specifically addresses the imposition of a defendant's sentence who is

subject to an undischarged term of imprisonment. Section 5G1.3(c), provides, in relevant part,

that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the

instant offense may be imposed to run concurrently, partially concurrently, or consecutively to

the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant

offense."  If a district judge desired to give a defendant credit for time served before the

imposition of a federal sentence, Application Note 3(E) to Section 5G1.3(c) states that, "the

Commission recommends that any downward departure under this application note be pursuant

to 5G1.3(c), rather than as a credit for time served." U.S. Sentencing Guidelines § 5G1.3 App.

Note 3(E).  If the sentencing court had wanted to give the Petitioner credit for time already served on his state sentence, he could have done so with a downward departure.

The Petitioner has received all of the credit towards his federal sentence to which he is entitled, i.e. the period between his arrest and the imposition of his state sentence pursuant to *Willis* and the period from the date of imposition of his federal sentence on April 30, 2002, through the present. Petitioner is not entitled to receive credit towards his federal sentence for the time he spent in state custody before his federal sentence was imposed.  *United States v. Rivers*, 329 F.3d 119, 122 (2d Cir. 2003).  This includes the time that the Petitioner was under the Writ of Habeas Corpus Ad Prosequendum. *See Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir. 1992) ("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities"). This court finds that the Petitioner has received all the credit towards his federal sentence to which he is entitled and recommends Respondent's motion be granted.

## **RECOMMENDATION**

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Dkt. No. 18) be **GRANTED.**

**IT IS SO RECOMMENDED.**

January 21, 2016

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).